IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| TEKEELA A. McCASKILL, | ) |
|     Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION NO. 1:22-00250-CG-N |
| | ) |
| 13TH JUDICIAL CIRCUIT COURT | ) |
| OF ALABAMA, *et al.*, | ) |
|     Defendants. | ) |

## REPORT AND RECOMMENDATION

The Plaintiff, **TEKEELA A. McCASKILL**, initiated this civil action on June 27, 2022, by filing with the Court a complaint alleging claims of employment discrimination against Defendant the "13th Judicial Circuit Court of Alabama, Civil Division."[1] *See* (Doc. 1); Fed. R. Civ. P. 3. On January 31, 2023, McCaskill filed her first amended complaint (Doc. 24) as a matter of course, *see* Fed. R. Civ. P. 15(a)(1)(B); (Doc. 22), which renamed the original defendant as simply the "13th Judicial Circuit Court of Alabama" (hereinafter, "the 13th Circuit") and added JoJo Schwarzauer, Chuck Lewis, and Tachonda Smith as party defendants. All

---

[1] This is the same entity McCaskill named as her employer on her underlying Charge of Discrimination submitted to the Equal Employment Opportunity Commission. (*See* Doc. 24, PageID.88)

Defendants, except for Schwarzauer,[2] filed motions to dismiss the first amended complaint under Federal Rule of Civil Procedure 12(b)(6) (Docs. 27, 29).[3]

In accordance with the Court's briefing schedules (*see* Docs. 28, 30), McCaskill filed a consolidated response to both motions (Doc. 34), and the Defendants filed a joint reply (Doc. 35) to the response. The motions to dismiss are now under submission.

## I.   *Analysis*

### a.   **The First Amended Complaint**

As alleged in McCaskill's first amended complaint and attached exhibits (Doc. 24),[4] McCaskill was hired by the Clerk's Office for the 13th Circuit in 2016,

---

[2] To date, Schwarzauer has not answered the first amended complaint or otherwise appeared. Lewis and Smith's motion to dismiss asserts that, at the time of its filing, Schwarzauer had not yet been served with process. (*See* Doc. 29 n.1, PageID.108). However, because McCaskill has voluntarily dismissed Schwarzauer, *see infra*, that issue is moot.

[3] The assigned District Judge has referred said motions to the undersigned Magistrate Judge for appropriate action under 28 U.S.C. § 636(a)-(b), Federal Rule of Civil Procedure 72, and S.D. Ala. GenLR 72(a). *See* S.D. Ala. GenLR 72(b); (2/13/2023 & 2/22/2023 electronic reference notations).

[4]   In deciding a Rule 12(b)(6) motion of whether a complaint fails to state a claim upon which relief can be granted, in general "[t]he scope of the review must be limited to the four corners of the complaint." *St. George v. Pinellas Cty.*, 285 F.3d 1334, 1337 (11th Cir. 2002). "A copy of a written instrument that is an exhibit to a pleading is a part of the pleading for all purposes." Fed. R. Civ. P. 10(c). The court must "accept the allegations in the complaint as true and construe them in the light most favorable to the plaintiff." *Duty Free Ams., Inc. v. Estee Lauder Companies, Inc.*, 797 F.3d 1248, 1262 (11th Cir. 2015).

Courts "hold the allegations of a *pro se* complaint to less stringent standards than formal pleadings drafted by lawyers[,]" and "[a]ccordingly … construe [*pro se*] pleadings liberally. Yet even in the case of *pro se* litigants this leniency does not give a court license to serve as *de facto* counsel for a party, or to rewrite an

and was promoted to the position of Court Specialist II in 2018. Her employment was terminated in 2022. At all relevant times, Schwarzauer was the Clerk of the 13th Circuit. McCaskill claims that during her employment she was subject to unlawful racial discrimination, harassment, and retaliation by her supervisors, including Lewis, head of the Civil Division, and Smith, head of the Domestic Relations Division. These discriminatory and retaliatory acts included failure to promote McCaskill, reassigning her to a different division of the clerk's office, micromanaging, and negative performance reviews. McCaskill reported some of these acts to the Equal Employment Opportunity Commission in a Charge of Discrimination dated March 16, 2022 (Doc. 24, PageID.88).

### b.     The 13th Circuit

Construing the first amended complaint as asserting only claims of workplace racial discrimination and retaliation under Title VII of the Civil Rights Act of 1964,[5] the 13th Circuit's present motion argues a single ground for dismissal: that the Mobile County Clerk's Office, rather than the 13th Circuit, was McCaskill's "employer" at all relevant times, and thus, the 13th Circuit cannot be liable to her under Title VII. *See, e.g.*, *Peppers v. Cobb Cnty., Ga.*, 835 F.3d 1289,

---

otherwise deficient pleading in order to sustain an action." *Campbell v. Air Jamaica Ltd.*, 760 F.3d 1165, 1168–69 (11th Cir. 2014) (citations and quotation omitted).

[5] McCaskill does not dispute that she is asserting claims under Title VII, and the fact that she attached an EEOC Charge of Discrimination claiming violations of Title VII to her complaint further supports this.

1297 (11th Cir. 2016) ("A Title VII workplace discrimination claim can only be brought by an employee against his employer.").[6]

> Consistent with the remedial purposes of Title VII, the federal courts have interpreted the term "employer" liberally. Thus, in order to decide whether an entity is a qualified employer, we have asked this basic question: "who (or which entity) is in control of the fundamental aspects of the employment relationship that gave rise to the claim." *Lyes v. City of Riviera Beach*, 166 F.3d 1332, 1345 (11th Cir. 1999) (en banc). An examination of this question requires consideration of the totality of the employment relationship. Among the basic factors we consider are these: (1) how much control the alleged employer exerted on the employee, and (2) whether the alleged employer had the power to hire, fire, or modify the terms and conditions of the employee's employment.

*Id.* (some citations omitted).

In arguing that it was not McCaskill's employer, the 13th Circuit relies primarily on Ala. Code § 12-17-24,[7] which states, in full: "The presiding circuit

---

[6] "Under Title VII, an 'employer' is defined as 'a person engaged in an industry affecting commerce who has fifteen or more employees ... and any agent of such a person.' 42 U.S.C. § 2000e(b). A 'person' includes 'individuals, governments, governmental agencies, [and] political subdivisions....' 42 U.S.C. § 2000e(a). Title VII defines an 'employee' as 'an individual employed by an employer[.]' 42 U.S.C. § 20003(f)." *Peppers*, 835 F.3d at 1295.

[7] The 13th Circuit also cites information from its own website and that of the Alabama Administrative Office of Courts as evidence showing that McCaskill was employed by the Mobile County Clerk's Office. "A court is generally limited to reviewing what is within the four corners of the complaint on a motion to dismiss." *Bickley v. Caremark RX, Inc.*, 461 F.3d 1325, 1329 n.7 (11th Cir. 2006). Subject to certain exceptions, *see, e.g.*, *Day v. Taylor*, 400 F.3d 1272, 1276 (11th Cir. 2005), "[i]f, on a motion under Rule 12(b)(6)…, matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56[, and a]ll parties must be given a reasonable

judge shall exercise a general supervision of the judges, clerks, registers, court reporters, bailiffs, sheriffs and other court employees of the circuit and district courts within the circuit, except employees of the clerk, and see that they attend strictly to the prompt, diligent discharge of their duties." The 13th Circuit argues: "While this statue plainly provides that 'employees of the clerk' are contemplated as a subset of "court employees,' it specifies that they are not under the supervision of the presiding circuit judge. Because 'employees of the clerk' are not under the supervision of the presiding circuit judge, they are subject to supervision by the clerk, via the Clerk's Office." (Doc. 27, PageID.101).

Under Alabama law, "[t]here is provided in every county in the state a circuit court with all the jurisdiction and powers that are conferred on the circuit court by the Constitution and laws of this state." Ala. Code § 12-11-1(a). *See also* Ala. Const. Art. VI (a/k/a "Ala. Const. Amend. No. 328"), § 142(a)-(b) ("The state shall be divided into judicial circuits. For each circuit, there shall be one circuit court having such divisions and consisting of such number of judges as shall be provided by law…The circuit court shall exercise general jurisdiction in all cases except as may otherwise be provided by law."). The State of Alabama is currently divided into 41 "judicial circuits for the circuit courts," with each judicial circuit

---

opportunity to present all the material that is pertinent to the motion." Fed. R. Civ. P. 12(d). However, in light of the conclusions reached herein based solely on the pleadings and the law, the undersigned finds it unnecessary to consider the website evidence.

composed of at least one Alabama county. *See* Ala. Code § 12-11-2. The 13th Circuit is composed solely of Mobile County. *See id.* § 12-11-2(13).

Circuit court judges are "elected by vote of the electors within the territorial jurisdiction of their respective courts." Ala. Const. Art. VI, § 152. "Clerks of the circuit courts" are also "elected by the qualified electors in each county[,]" though "[v]acancies in the office of clerk of the circuit court shall be filled by the judge or judges of the circuit court who have jurisdiction over the county in which the office of clerk of the circuit court is located." *Id.* § 160. *See also* Ala. Code § 12-17-90 ("Vacancies in [the] office[s of the circuit clerks] shall be filled in accordance with Constitutional Amendment No. 328."). "Clerks of the circuit court have authority[,]" among other things, "[t]o appoint deputies, with full power to transact all business of such clerks, such deputies first taking an oath to support the Constitution and laws of this state and faithfully to discharge the duties of deputy clerks of the court for which they act." Ala. Code § 12-17-93(2).

The "presiding judge of a circuit" is "elected by a majority vote of circuit judges in the circuit[,]" or, "[i]n the event of the failure of any judge to receive a majority vote," determined "by rule for selection of the presiding judge" set by the Alabama Supreme Court. Ala. Code § 12-17-23. As noted previously, the presiding circuit judge "exercise[s] a general supervision of the judges, clerks, registers, court reporters, bailiffs, sheriffs and other court employees of the circuit and district courts within the circuit, except employees of the clerk, and see[s] that they attend strictly to the prompt, diligent discharge of their duties." *Id.* § 12-17-

24. That "general supervision," however, not as expansive as the bare text of the statute might indicate—the Alabama Supreme Court has held that § 12-17-24 "is not to be construed to mean that a presiding judge can direct and usurp the functions and duties of the named officials. His supervision is limited by the statute to see only that such officials promptly and diligently discharge their duties." *Resolute Ins. Co. v. Ervin*, 285 Ala. 575, 579 (1970). *See also In re Ingram*, 356 So. 2d 618, 621 (Ala. 1978) (Ala. Code § 12-17-24 "does not…authorize the presiding judge to exercise the duties placed by law upon the clerk. Yet the presiding judge has the duty and responsibility to see that the circuit court functions properly. If a clerk fails to perform his or her duties placed upon him or her by law, mandamus or other proper remedy will lie to compel his action.").

The allegations in McCaskill's first amended complaint, and in her underlying EEOC Charge of Discrimination (*see* Doc. 24, PageID.88), make clear that, at all relevant times, she worked in the Mobile County Circuit Clerk's office and answered to the supervisors there. Nothing alleged in the first amended complaint indicates that the presiding judge, or any judge, of the 13th Circuit exerted any control over McCaskill or the terms and conditions of her employment. As the above-discussed Alabama law shows, circuit clerks are granted the authority to hire the employees working under them. Presiding circuit judges, who can fairly be considered the general supervisory officials of their respective circuit courts, possess only limited authority over circuit clerks—"to see only that such officials promptly and diligently discharge their duties"—and none

over the "employees of the clerk." Neither Alabama law nor McCaskill's allegations suggest the 13th Circuit should be considered McCaskill's employer under Title VII, as opposed to the Mobile County Circuit Clerk.

Sometimes two or more separate entities can be treated as a "single employer" for purposes of Title VII. *See Peppers*, 835 F.3d at 1298 (citing *Lyes v. City of Riviera Beach*, 166 F.3d 1332, 1341 (11th Cir. 1999) (en banc)). However, the standard for aggregating governmental subdivisions into a "single employer" is "an exacting one…" *Id.* (citing *Lyes*, 166 F.3d at 1345). "[W]here a state legislative body creates a public entity and declares it to be separate and distinct, that declaration should be entitled to a significant degree of deference, amounting to a presumption that the public entity is indeed separate and distinct for purposes of Title VII." *Lyes*, 166 F.3d at 1344. That "presumption is only overcome with strong evidence." *Peppers*, 835 F.3d at 1298 (citing *Lyes*, 166 F.3d at 1345).

> Lyes offered two ways to rebut the presumption against aggregating separate government entities. [166 F.3d at 1345]. In the first place, a plaintiff may rebut it by presenting evidence that a governmental entity was created or maintained for the purpose of evading the federal employment discrimination laws. Id. at 1344. Second, absent an evasive purpose, a plaintiff can offer evidence allowing a reasonable fact finder to conclude that the presumption is clearly outweighed by "factors manifestly indicating that the public entities are so closely interrelated with respect to control of the fundamental aspects of the employment relationship that they should be counted together under Title VII." Id. at 1345 (emphasis added). Relevant factors in this calculus include: centralized control of operations; authority to hire, transfer, promote, discipline, or discharge; authority to establish work schedules or direct assignments; and the obligation to pay the plaintiff. Id.

*Id.*

The Alabama laws discussed above clearly establish a presumption that circuit courts and circuit clerks' offices are separate and distinct entities, and McCaskill has offered no argument suggesting a plausible possibility of rebutting that presumption. Nothing suggests that Alabama's circuit courts or circuit clerks were created for the purposes of evading federal employment discrimination laws, nor does McCaskill show that factors manifestly indicate that the public entities are so closely interrelated with respect to control of the fundamental aspects of the employment relationship that they should be counted together under Title VII. At most, McCaskill cites her own subjective belief "that the judges and the clerk of the courts were all under the same umbrella or on the same branch[,]" and that she "was employed by the State of Alabama not the County." (Doc. 34, PageID.131). However, McCaskill's subjective beliefs are not relevant to the determination, and circuit clerks themselves are compensated by the state, not the counties in which they serve. *See* Ala. Code § 12-17-92. Regardless, " 'the source of a governmental entity's funding is a poor indication of whether it should be aggregated with another.' " *Peppers*, 835 F.3d at 1298 (quoting *Lyes*, 166 F.3d at 1346 n.10).[8]

---

[8] In addition to the "single employer" test, two entities can be treated as "joint employers" for purposes of Title VII. "The test for determining whether two entities acted as joint employers is relatively straightforward: 'The basis of the finding is simply that one employer while contracting in good faith with an otherwise independent company, has retained for itself sufficient control of the

Because McCaskill has failed to establish that the 13th Circuit was her employer at the time of the underlying actions, it cannot be held liable to her under Title VII. Accordingly, the 13th Circuit's Rule 12(b)(6) motion to dismiss the Title VII claims against it in the first amended complaint (Doc. 27) is due to be **GRANTED**.

### c.   The Natural Person Defendants

In her response brief, McCaskill "ask[s] the Court to please <u>dismiss without prejudice</u> JoJo Schwarzauer, Chuck Lewis, Tachonda Smith from this cases [sic]." (Doc. 34, PageID.129). Because that request was filed before any defendant served an answer or motion for summary judgment, [9] the undersigned will **RECOMMEND** that the Court construe McCaskill's request to dismiss Schwarzauer, Lewis, and Smith embedded in her response brief as a self-effecting notice of voluntary dismissal of those defendants under Federal Rule of Civil Procedure 41(a)(1)(A)(i). *See Matthews v. Gaither*, 902 F.2d 877, 880 (11th Cir. 1990) (per curiam) ("It is well established that Rule 41(a)(1)[] grants a plaintiff an

---

terms and conditions of employment of the employees who are employed by the other employer. Thus the joint employer concept recognizes that the business entities involved are in fact separate but that they share or co-determine those matters governing the <u>essential</u> terms and conditions of employment.'" *Peppers*, 835 F.3d at 1300 (quoting *Virgo v. Riviera Beach Assocs., Ltd.*, 30 F.3d 1350, 1358 (11th Cir. 1994) (emphasis added)). Nothing in the current record suggests that the 13th Circuit should be treated as a "joint employer" with the Mobile County Circuit Clerk.

[9] An answer (Doc. 36) was filed after the request to dismiss was filed. None of the motions to dismiss filed in this action have requested summary judgment in the alternative.

unconditional right to dismiss his complaint by notice and without an order of the court at any time prior to the defendant's service of an answer or a motion for summary judgment. The dismissal is effective immediately upon the filing of a written notice of dismissal, and no subsequent court order is required. The fact that a notice of dismissal is styled 'motion to dismiss' rather than 'notice of dismissal' is without consequence." (internal citations omitted)); *Klay v. United Healthgroup, Inc.*, 376 F.3d 1092, 1106 (11th Cir. 2004) (while Rule 41 "does not permit plaintiffs to pick and choose, dismissing only particular claims within an action[,]" it does "allow a plaintiff to dismiss all of his claims against a particular defendant"); *In re Esteva*, 60 F.4th 664, 677 (11th Cir. 2023) (noting that *Klay* and other cases interpret Rule 41 as "allowing plaintiffs to voluntarily dismiss less than the entire action so long as they dismiss a defendant in its entirety (i.e., they dismiss all of the claims brought against that defendant)"). Should the Court adopt that recommendation, Lewis and Smith's motion to dismiss (Doc. 29) should accordingly be found **MOOT**.

### d. Office of the Circuit Clerk for the 13th Judicial Circuit

On March 20, 2023, the Office of the Circuit Clerk for the 13th Judicial Circuit (hereinafter, "the Circuit Clerk's Office") filed an answer (Doc. 36) to the first amended complaint. While the Circuit Clerk's Office was not named as a defendant in the style of the first amended complaint, *see* (Doc. 24, PageID.80); Fed. R. Civ. P. 10(a), nor was a summons issued for that particular entity (*see*

Docs. 15, 26), both the answer, and Lewis and Smith's motion to dismiss, appear to assume that the Circuit Clerk's Office is a defendant to this action.

"On motion or on its own, the court may at any time, on just terms, add or drop a party." Fed. R. Civ. P. 21. The weight of authority discussed above suggests that the Circuit Clerk's Office is properly considered McCaskill's "employer" for purposes of her Title VII claims. Moreover, the Circuit Clerk's Office appears to have waived service of process by filing its answer.[10] Accordingly, the undersigned **RECOMMENDS**, to the extent it was not already a defendant to this action, that the Court add the Circuit Clerk's Office as a defendant in this action under Rule 21.[11]

---

[10] For her part, McCaskill has indicated in her response to the motions to dismiss that she desires the chance to amend her complaint to add the Circuit Clerk for the 13th Circuit in the event the 13th Circuit is determined not to be her employer. (*See* Doc. 34, PageID.131 ("I can add Circuit Civil Clerk to 13th Judicial Circuit Court. I thought that the Judges and the Clerk of the courts were all under the same umbrella or on the same branch. I apologize for that error and I will correct it if I need to.")).

[11] McCaskill follows her request to dismiss Schwarzauer, Lewis, and Smith by stating: "If the court agrees with me and finds that JoJo, Mr. Lewis + Tachonda Smith did disqualify themselves from qualified immunity I will add them at a later date." (Doc. 34, PageID.129). The Eleventh Circuit has held that "no qualified immunity exists for individuals sued under Title VII[,] because such claims must be made against [the employer's] officer in his official capacity, not in his individual capacity." *Busby v. City of Orlando*, 931 F.2d 764, 772 (11th Cir. 1991) (per curiam). Nevertheless, in light of the fact that the Circuit Clerk's Office is to be added as a defendant, it would be unnecessary to rejoin Schwarzauer, Lewis, and Smith as defendants to McCaskill's Title VII claims. "Individual capacity suits under Title VII are…inappropriate[, since t]he relief granted under Title VII is against the *employer*, not individual employees whose actions would constitute a violation of the Act." *Id.* As such, the Eleventh Circuit has determined

### e.     Shotgun Pleading

As noted previously, the 13th Circuit's motion to dismiss construed the first amended complaint as asserting only Title VII claims, and McCaskill has not disputed that construction of her pleading. However, it is difficult to tell exactly what Title VII claims McCaskill is asserting, and whether she is also asserting other kinds of claims or causes of action, because her first amended complaint is an impermissible "shotgun pleading." "Complaints that violate either Rule 8(a)(2)[12] or Rule 10(b),[13] or both, are often disparagingly referred to as 'shotgun pleadings.'" *Weiland v. Palm Beach Cnty. Sheriff's Off.*, 792 F.3d 1313, 1320 (11th Cir. 2015). While "shotgun pleadings" come in various forms, "[t]he unifying characteristic of all types of shotgun pleadings is that they fail to one degree or another, and in one way or another, to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests." *Id.*

---

that "the proper method for a plaintiff to recover under Title VII is by suing the employer, *either* by naming the supervisory employees as agents of the employer *or* by naming the employer directly." *Id.* (emphasis added). As such, Schwarzauer, Lewis, and Smith cannot be held individually liable for McCaskill's Title VII claims, and rejoining them as "agents of the employer" would be redundant since the "employer," the Circuit Clerk's Office, will be sued "directly" under Title VII.

[12] Federal Rule of Civil Procedure 8(a) states that a complaint must contain, among other things, "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).

[13] "A party must state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances…If doing so would promote clarity, each claim founded on a separate transaction or occurrence—and each defense other than a denial—must be stated in a separate count or defense." Fed. R. Civ. P. 10(b).

A complaint can rightly be classified as a shotgun pleading when it (1) is "replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action[;] (2) does "not separate[e] into a different count each cause of action or claim for relief[;]" and (3) "assert[s] multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against." *Id.* at 1322–23. McCaskill's first amended complaint is guilty of all three deficiencies.

"[A] defendant faced with a shotgun pleading should move the court, pursuant to [Federal] Rule[ of Civil Procedure] 12(e), to require the plaintiff to file a more definite statement. But…when[,]" as here, "a defendant fails to do so, the district court ought to take the initiative to dismiss or strike the shotgun pleading and give the plaintiff an opportunity to replead. Where a plaintiff fails to make meaningful modifications to her complaint, a district court may dismiss the case under the authority of either Rule 41(b) or the court's inherent power to manage its docket." *Id.* at 1321 n.10 (citations and quotation omitted). Accordingly, the undersigned **RECOMMENDS** that the Court order McCaskill to file a second amended complaint that corrects the "shotgun" nature of her first amended complaint by (1) stating "each claim founded on a separate transaction or occurrence…in a separate count[,]" Fed. R. Civ. P. 10(b); (2) eliminating "vague, conclusory, and immaterial" factual allegations, and making clear what factual allegations support each claim or cause of action; and (3) in the event McCaskill's

second amended complaint asserts claims against multiple defendants, specifying which defendants are responsible for each alleged act or omissions, and specifying which of the defendants each claim is brought against. As noted above, failure to comply with these directives could result in dismissal of the second amended complaint.

McCaskill's second amended complaint, if filed, must reproduce her entire pleading as amended, without incorporating prior complaints by reference, *see* S.D. Ala. CivLR 15(a), and will become the operative complaint in this action. *See Pintando v. Miami-Dade Hous. Agency*, 501 F.3d 1241, 1243 (11th Cir. 2007) (per curiam) ("As a general matter, '[a]n amended pleading supersedes the former pleading; the original pleading is abandoned by the amendment, and is no longer a part of the pleader's averments against his adversary.' " (quoting *Dresdner Bank AG, Dresdner Bank AG in Hamburg v. M/V OLYMPIA VOYAGER*, 463 F.3d 1210, 1215 (11th Cir. 2006) (citation and quotation omitted)).[14]

---

[14] McCaskill appears to have attempted to add allegations to her first amended complaint through several filings submitted since briefing on the present motions closed. (*See* Docs. 37, 38, 39). McCaskill, however, cannot amend her complaint in such piecemeal fashion, nor could she further amend her first amended complaint at will. The Court's local rules require that "[a]ny amendment to a pleading, whether filed as a matter of course or upon a motion to amend, must reproduce the entire pleading as amended and may not incorporate any prior pleading by reference." S.D. Ala. CivLR 15(a). Additionally, as McCaskill already amended her complaint once as a matter of course under Federal Rule of Civil Procedure 15(a)(1), she can further amend her complaint "only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). A party cannot amend a pleading through briefing on a motion to dismiss or through "notices" filed with the court. *See Gilmour v. Gates, McDonald & Co.*, 382 F.3d 1312, 1315

### f. Leave to Amend as to the 13th Circuit

The general rule in this circuit for *pro se* plaintiffs is that, "[w]here a more carefully drafted complaint might state a claim, a plaintiff must be given at least one chance to amend the complaint before the district court dismisses the action with prejudice." *Bank v. Pitt*, 928 F.2d 1108, 1112 (11th Cir. 1991) (per curiam), *overruled in part by Wagner v. Daewoo Heavy Indus. Am. Corp.*, 314 F.3d 541, 542 & n.1 (11th Cir. 2002) (en banc) (overruling *Bank*'s one-chance-to-amend rule as to counseled parties)). However, "where the plaintiff has indicated that he does not wish to amend his complaint," or "if a more carefully drafted complaint could not state a claim[,]" then "the district court need not dismiss with leave to amend[,]" and "dismissal with prejudice is proper." *Id.*

McCaskill is already being ordered to file a second amended complaint to correct the "shotgun" nature of her first amended complaint, *see supra*, and it is not beyond the realm of possibility that McCaskill might be able to amend her complaint to allege facts plausibly indicating that the 13th Circuit and the Circuit Clerk's Office could be considered a "single employer" or "joint employers" for purposes of Title VII. Accordingly, the undersigned will further **RECOMMEND** that the granting of the 13th Circuit's Rule 12(b)(6) motion to dismiss be **without**

---

(11th Cir. 2004) (per curiam) ("[T]he proper procedure for plaintiffs to assert a new claim is to amend the complaint in accordance with Fed. R. Civ. P. 15(a). A plaintiff may not amend her complaint through argument in a brief opposing summary judgment."); *Jallali v. Nova Se. Univ., Inc.*, 486 F. App'x 765, 767 (11th Cir. 2012) (per curiam) (unpublished) ("[A] party cannot amend a complaint by attaching documents to a response to a motion to dismiss.").

**prejudice** to her ability to allege in the second amended complaint sufficient facts showing why the 13th Circuit should be considered a "single employer" or "joint employer" with the Circuit Clerk's Office for purposes of Title VII.[15]

## II.   *Conclusion & Recommendations*

In accordance with the foregoing analysis, the undersigned **RECOMMENDS** as follows:

1. that the Court construe McCaskill's request to dismiss Schwarzauer, Lewis, and Smith embedded in her response brief (Doc. 34, PageID.129) as a self-effecting notice of voluntary dismissal of those defendants without prejudice under Federal Rule of Civil Procedure 41(a)(1)(A)(i), and that Lewis and Smith's motion to dismiss (Doc. 29) accordingly be found **MOOT**;

2. that the Office of the Circuit Clerk for the 13th Judicial Circuit be added as a defendant to this action under Fed. R. Civ. P. 21;

3. that the Court order McCaskill to file, by a reasonable deadline, a second amended complaint that corrects the "shotgun pleading" deficiencies and

---

[15]

    "To survive a motion to dismiss [for failure to state a claim], a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)). In other words, the complaint must contain "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

*Hi-Tech Pharm., Inc. v. HBS Int'l Corp.*, 910 F.3d 1186, 1196 (11th Cir. 2018).

otherwise complies with the directives set out in Subsection I(e) above; and

4. that the 13th Circuit's Rule 12(b)(6) motion to dismiss McCaskill's first amended complaint (Doc. 27) be **GRANTED**, **without prejudice** to her ability to allege in the second amended complaint sufficient facts showing why the 13th Circuit should be considered a "single employer" or "joint employer" with the Circuit Clerk's Office for purposes of Title VII;

## NOTICE OF RIGHT TO FILE OBJECTIONS

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within 14 days of the date of service of this document, file specific written objections with the Clerk of this Court. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); S.D. Ala. GenLR 72(c). The parties should note that under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice."  11th Cir. R. 3-1.  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report

and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

**DONE** this the **22nd** day of **June 2023**.

/s/ *Katherine P. Nelson*
**KATHERINE P. NELSON**
**UNITED STATES MAGISTRATE JUDGE**