IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| TEKEELA A. McCASKILL, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) CIV. ACT. NO. 1:22-cv-250-TFM-N |
| | ) |
| OFFICE OF THE CIRCUIT CLERK | ) |
| FOR THE 13TH JUDICIAL CIRCUIT, | ) |
| | ) |
| Defendant. | ) |

**MEMORANDUM OPINION AND ORDER**

On July 11, 2025, the Magistrate Judge entered a report and recommendation which recommends the Defendant's motion for summary judgment (Doc. 96) be granted, denial of the motion to strike (Doc. 105) as moot, and denial of Plaintiff's motions for summary judgment (Docs. 101, 106). *See* Doc. 124. Subsequent to the issuance of the Report and Recommendation, Plaintiff filed several documents including a motion to amend (Doc. 130), a motion for *ex parte* hearing (Doc. 131), a motion to compel (Doc. 133), a further objection to the Defendant's motion for summary judgment (Doc. 127), several extension requests (Docs. 128, 135, 138), and two sets of objections (Docs. 129, 136).

In her "notice" (Doc. 127) filed on July 22, 2025, Plaintiff objects to the Defendant's entire motion for summary judgment and says she will file all her objections by Friday (which the Court notes would be July 25, 2025). Then on July 24, 2025, Plaintiff filed some objections (Doc. 129) accompanied by a motion for extension of time to respond to the Report and Recommendation (Doc. 128) in which she requested 30 additional days to respond. The Cout granted an extension until August 11, 2025, but denied the extension for 30 additional days. *See* Doc. 132. Then on July 28, 2025, Plaintiff filed a motion to compel against a court reporter for a hearing on January

11, 2024 presumably from another court. *See* Doc. 133. The court reporter filed a response on August 8, 2025 stating that she had not received notice of any subpoena or other request. *See* Doc. 134. On August 11, 2025, Plaintiff filed another extension request while filing additional objections. *See* Docs. 135, 136. In her extension request, she sought more time until "Monday, August 23rd, 2024" which the Court denied and noted that she had been submitting various matters on a rolling basis since July 24, 2025 and had sufficient time to address the Report and Recommendation. *See* Docs. 135, 137. Finally on August 18, 2025, Plaintiff submitted yet another three-week extension though it was unclear whether it sought more time for objections to the Report and Recommendation or to supplement her prior response in opposition to the summary judgment motion. *See* Doc. 138. The Court again denied the additional extension request noting that the time for discovery and supplemental briefing on motions had come and gone. *See* Doc. 139. The Court considers the matter ripe for review and turns now to the substance of the Report and Recommendation, Plaintiff's objections, and her related motions.

First, the Court agrees with the Magistrate Judge that the Defendant failed to adequately explain its change in position regarding the proper name and entity for the suit. *See* Doc. 124 at 16-18. Defendant did not file any objections to the Report and Recommendation. Considerable time and effort has been spent by the Court on this issue in prior orders and review. *Id*. Given the deficiencies and the constant shifting position of the Defendant, the Court determines that it is appropriate to *sua sponte* raise the question of whether Defendant and/or its counsel should be sanctioned pursuant to Fed. R. Civ. P. 11(b). The Court will set a briefing schedule on that matter in the conclusion of this opinion as the Court retains the jurisdiction to handle even after a resolution of a case. *See, e.g., Willy v. Coastal Corp.*, 503 U.S. 131, 138 (1992) (concluding that a district court could impose Rule 11 sanctions even where it was later determined that the court

lacked subject matter jurisdiction over the underlying case because an "imposition of a Rule 11 sanction is not a judgment on the merits of an action. Rather, it requires the determination of a collateral issue: whether the attorney has abused the judicial process, and, if so, what sanction would be appropriate.") (quoting *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 395-96 (1990)); *Absolute Activist Value Master Fund Ltd. v. Devine*, 998 F.3d 1258, 1266 (11th Cir. 2021) ("Reading Federal Rule of Civil Procedure 41(a), *Cooter & Gell*, and our case law together, it is clear that even when a voluntary dismissal disposes of an entire action, district courts retain jurisdiction to consider at least five different types of collateral issues: costs, fees, contempt sanctions, Rule 11 sanctions, and motions to confirm arbitral awards."). While this is a serious question for the Defendant and its counsel, it does not have an impact on the ultimate conclusion of the case or the Report and Recommendation's analysis. Therefore, the Court proceeds now to the remainder of the Report and Recommendation and Plaintiff's submissions.

Plaintiff submits two sets of objections. The first came in on July 24, 2025 (*see* Doc. 129) and the second came in on August 11, 2025 (*see* Doc. 136). In reviewing those objections, Plaintiff does little to address the substance of the legal analysis of the Magistrate Judge. The Court understands that Plaintiff feels the employment actions were wrong and disagrees with them. But, as pointedly discussed by the Magistrate Judge, Plaintiff must show that those actions were racially motivated and/or retaliation for Plaintiff having taken protected actions. Plaintiff does neither – either when opposing the summary judgment or when objecting to the Report and Recommendation. Rather, Plaintiff focuses on her opinion that the employment actions were wrong and that her supervisors were liars. That does not establish a claim under Title VII. As noted in the Report and Recommendation, this Court does not have jurisdiction over general employment disputes but only matters that are unlawful under Title VII. As such, Plaintiff's

objections are overruled.

The Court finally turns to Plaintiff's request for leave to amend her complaint for a fourth time and to supplement her motion for summary judgment because she would correct all deficiencies. However, the Court determines that Plaintiff was given three prior occasions to amend her complaint and had sufficient opportunity during the discovery process and the summary judgment briefing to adequately address all the matters raised here. Therefore, the motion for leave to amend complaint (Doc. 130) is **DENIED**. The Court also **DENIES** Plaintiff's request for a hearing or *ex parte* hearing (Doc. 131). The Court finds that a hearing is not necessary to resolve these matters and Plaintiff's assertion that people are afraid to testify is not a matter for the Court to resolve at this late stage. This case has been pending over 3 years and had multiple adjustments to the scheduling order. Discovery closed on August 26, 2024 and dispositive motions were fully briefed by October 28, 2024.

After due and proper consideration of all portions of this file deemed relevant to the issues raised, and a *de novo* determination of those portions of the Report and Recommendation to which objection is made, the Report and Recommendation of the Magistrate Judge is **ADOPTED** as the opinion of this Court. Accordingly, it is **ORDERED** that the Defendant's Motion for Summary Judgment (Doc. 96) is **GRANTED**, the Plaintiff's Motions for Summary Judgment (Docs. 101, 106) are **DENIED**, and Defendant's Motion to Strike (Doc. 105) is **DENIED as moot**. In addition, the Court **DENIES** the Plaintiff's Motion for Leave to Amend the Complaint (Doc. 130), Request for a Hearing or Ex Parte (Doc. 131), and Motion to Compel (Doc. 133).

Defendant shall file a brief addressing its change in position about the appropriate party despite the issue having been previously resolved without objection. Specifically, Defendant and counsel should address why they should not be sanctioned under Federal Rule of Civil Procedure

11, the Court's inherent authority, S.D. Ala. GenLR 83.3(i), and/or Alabama Rule of Professional Conduct 3.3 for making false statements of fact or law to the Court.  This brief shall be due on or before **September 12, 2025**.

Final Judgment shall issue separately in accordance with this order and Fed. R. Civ. P. 58.

**DONE** and **ORDERED** this 27th day of August, 2025.

/s/Terry F. Moorer
TERRY F. MOORER
UNITED STATES DISTRICT JUDGE