IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| TEKEELA A. McCASKILL, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | CIV. ACT. NO. 1:22-cv-250-TFM-N |
| ) | |
| OFFICE OF THE CIRCUIT CLERK ) | |
| FOR THE 13TH JUDICIAL CIRCUIT, ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM OPINION AND ORDER**

Pending before the Court are Plaintiff's Motion for Reconsideration (Doc. 142, filed 8/26/25), Defendant's Brief in Response to the show cause order contained in the Memorandum Opinion and Order (Doc. 143, filed 9/11/25), Plaintiff's Supplemental Motion for Reconsideration (Doc. 144, filed 9/12/25), and Plaintiff's Response to the Memorandum Opinion and Order (Doc. 145, filed 9/12/25).  The Court notes two separate issues: (1) a request for reconsideration of the granting of summary judgment and (2) the issue of sanctions.

**A.      Plaintiff's Motions for Reconsideration**

"The only grounds for granting [a Rule 59] motion are newly-discovered evidence or manifest errors of law or fact."  *United States v. Marion*, 562 F.3d 1330, 1335 (11th Cir. 2009) (per curiam) (quoting *Arthur v. King*, 500 F.3d 1335, 1343 (11th Cir. 2007) (per curiam), *cert. denied*, 552 U.S. 1040, 128 S. Ct. 660, 169 L. Ed. 2d 511 (2007)).  "[A] Rule 59(e) motion [cannot be used] to relitigate old matters, raise argument or present evidence that could have been raised prior to the entry of judgment."  *Arthur*, 500 F.3d at 1343 (quoting *Michael Linet, Inc. v. Vill. of Wellington*, 408 F.3d 757, 763 (11th Cir. 2005)).  Further, a motion under Rule 59 must be filed no later than 28 days after the entry of judgment.  FED. R. CIV. P. 59(b).  The first motion for

reconsideration was filed on August 26, 2025 though it was docketed on August 27, 2025. *See* Doc. 142. The motion was docketed at 4:42 pm which was after the entry of the Memorandum Opinion and Order and Judgment. *See* Docs. 140, 141. The Court had previously addressed a number of objections to the Report and Recommendation that Plaintiff had filed – therefore, even if they had been received by the undersigned in time to consider as objections, the Court sees nothing in the motion that would have changed its analysis for the Memorandum Opinion and Order. Regardless, the Court now considers the motion in conjunction with the supplemental motion as a Rule 59 motion for reconsideration which was timely filed as the judgment was entered on August 27, 2025.

The Court finds nothing in the Rule 59 motion for reconsideration that causes it to question its determinations in the prior opinion. Further, the Court finds no manifest errors of law or fact. Rather, the matters are all matters that were previously litigated or could have been raised previously. Therefore, they are not entitled to relief pursuant to Fed. R. Civ. P. 59. Accordingly, Plaintiff's motion for reconsideration is **DENIED** under Rule 59.

Because she is *pro se*, the Court also considered the Plaintiff's motion as one brought under Fed. R. Civ. P. 60(b). Rule 60(b) provides a party, on motion, relief from a final judgment, order, or proceeding for the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect;
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
> (4) the judgment is void;
> (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
> (6) any other reason that justifies relief.

FED. R. CIV. P. 60(b)(1)-(6). A motion under Rule 60(b) must be made within a reasonable time,

and for reasons (1), (2), and (3) no more than a year after the entry of judgment. FED. R. CIV. P. 60(c)(1).

Even reviewing under Rule 60(b), the Court finds no basis to grant Plaintiff relief. As such, the motion for reconsideration is **DENIED** under Rule 60.

**B.     Defendant's Response to Show Cause Order and Plaintiff's Request for Sanctions**

The Court has reviewed Defendant's response to the Court's show cause order and accepts the explanation presented. As previously noted, the issue did not ultimately impact the conclusion of the Report and Recommendation but rather was simply an issue that needed to be addressed and wasted the time of the Magistrate Judge and the undersigned. Defense counsel acknowledges that it was a negligent scrivener's error and misidentification that was carried from one motion to another. *See* Doc. 143. Counsel asserts that it was negligence and unintentional and would not merit sanctions.

Plaintiff submits her own response to the sanctions reference in the Memorandum Opinion and Order, but the substance has little to do with the issue identified by the Court. Rather, Plaintiff continues her generalized allegations of falsity and fraud against Defendant and its counsel. She argues that they weaponized the court, drug out the case, and submitted false information. She further requests that the Court award sanctions and give her damages. However, nothing in this new request addresses the specific show cause order issued by the Court to the Defendant and its counsel. Rather, Plaintiff's response merely continues her arguments that her case has merit and that the Defendant has wronged her.

Ultimately, the Court accepts Defense counsel's explanation and declines to impose sanctions for what at its core was sloppy lawyering. Though Defendant never uses that phrase – at its core that is what it is. Though the Court declines to pursue the application of sanctions in

this instance, this is not the first instance the undersigned has warned the Attorney General's office about potentially running afoul of their obligations under the rules. *See James v. Marshall,* Civ. Act. No. 1:22-cv-241-TFM, 2022 U.S. Dist. LEXIS 122122 at *13-14, 2022 WL 2679429 at *6 (S.D. Ala. July 11, 2022); *Miller v. Butler*, Civ. Act. No. 21-0325-TFM-MU, 2024 WL 2972317, 2024 U.S. Dist. LEXIS 94470, at *42-43 (May 24, 2024), *report and recommendation adopted*, 2024 WL 2963783, 2024 U.S. Dist. LEXIS 104753 (S.D. Ala. June 11, 2024); *Sumpter v. Butler*, Civ. Act. No. 1:23-cv-360-TFM-B (S.D. Ala. Dec. 3, 2024).

The Court's patience regarding sloppy lawyering is growing thin and counsel are cautioned that further issues may be addressed differently.

**C.   Conclusion**

For the reasons stated above, Plaintiff's Motion for Reconsideration (Doc. 142) and Plaintiff's Supplemental Motion for Reconsideration (Doc. 144) are both **DENIED**. With regard to Defendant's Brief in Response to the show cause order contained in the Memorandum Opinion and Order (Doc. 143) and Plaintiff's Response to the Memorandum Opinion and Order (Doc. 145), the Court **DECLINES** to impose sanctions.

The Clerk of Court is **DIRECTED** to enter this document on the civil docket sheet as a final judgment pursuant to Rule 58 of the Federal Rules of Civil Procedure. This case remains closed.

**DONE** and **ORDERED** this 14th day of January, 2026.

/s/Terry F. Moorer
TERRY F. MOORER
UNITED STATES DISTRICT JUDGE