IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| TEKEELA A. McCASKILL, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | CIV. ACT. NO. 1:22-cv-250-TFM-N |
| ) | |
| OFFICE OF THE CIRCUIT CLERK ) | |
| FOR THE 13TH JUDICIAL CIRCUIT, ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM OPINION AND ORDER**

Pending before the Court are another *Motion to Alter or Amend Final Judgment* (Doc. 149, filed 2/5/26) and a *Motion To Proceed In Forma Pauperis* (Doc. 151, filed 2/5/26) which was further accompanied by a *Notice of Appeal* (Doc. 150). Having reviewed the motion to alter or amend, the Court finds that no response is necessary prior to the issuance of this opinion. For the reasons discussed below, both motions (Docs. 149, 151) are **DENIED**.

The Court already entered its Memorandum Opinion and Order denying a motion to reconsider under Fed. R. Civ. P. 59. *See* Doc. 146. Further, as this new motion is filed well beyond 28 days after the entry of judgment, it would be considered untimely under Rule 59. *See* FED. R. CIV. P. 59(b). That is the only rule Plaintiff referenced. However, because she is *pro se*, once again the Court also considered the Plaintiff's motion as one brought under Fed. R. Civ. P. 60(b). Rule 60(b) provides a party, on motion, relief from a final judgment, order, or proceeding for the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect;
> (2) newly discovered evidence that , with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;

    (4) the judgment is void;
    (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
    (6) any other reason that justifies relief.

FED. R. CIV. P. 60(b)(1)-(6). A motion under Rule 60(b) must be made within a reasonable time, and for reasons (1), (2), and (3) no more than a year after the entry of judgment. FED. R. CIV. P. 60(c)(1). Thus, this motion is timely. However, even reviewing under Rule 60(b), the Court finds no basis to grant Plaintiff relief. As such, the motion (Doc. 149) is **DENIED** under Rule 60.

Finally, Plaintiff requests to proceed on appeal *in forma pauperis*. *See* Doc. 151. Plaintiff previously paid the filing fee for this case, *see* Doc. 12, so there is no current affidavit on file which allows the Court to evaluate her ability to pay the fee. She did not attach any such affidavit to the motion to proceed with her appeal *in forma pauperis*. In her motion, Plaintiff merely states "because I do not at this time have the filing fee to file my Notice of Appeal". *Id*. On that basis alone, the motion (Doc. 151) is due to be **DENIED**. Regardless, the Court also certifies that the appeal is not taken in good faith for the reasons stated below.

28 U.S.C. § 1915(a) provides that, "[a]n appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith." In making this determination as to good faith, a court must use an objective standard, such as whether the appeal is "frivolous," *Coppedge v. United States*, 369 U.S. 438, 445, 82 S. Ct. 917, 8 L. Ed. 2d 21 (1962), or "has no substantive merit." *United States v. Bottoson*, 644 F.2d 1174, 1176 (5th Cir. Unit B May 15, 1981) (per curiam);[1] *see also Rudolph v. Allen*, 666 F.2d 519, 520 (11th Cir. 1982) (per curiam); *Morris v. Ross*, 663 F.2d 1032 (11th Cir. 1981). Stated differently:

---

[1] In *Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all of the decisions of the former Fifth Circuit that were handed down prior to the close of business on September 30, 1981.

> This circuit has defined a frivolous appeal under section 1915(d) as being one "'without arguable merit.'" *Harris v. Menendez*, 817 F.2d 737, 739 (11th Cir.1987) (quoting Watson v. Ault, 525 F.2d 886, 892 (5th Cir.1976)). "'Arguable means capable of being convincingly argued.'" *Moreland v. Wharton*, 899 F.2d 1168, 1170 (11th Cir.1990) (per curiam) (quoting *Menendez*, 817 F.2d at 740 n.5); *see Clark*, 915 F.2d at 639 ("A lawsuit [under section 1915(d)] is frivolous if the 'plaintiff's realistic chances of ultimate success are slight.'" (quoting *Moreland*, 899 F.2d at 1170)).

*Sun v. Forrester*, 939 F.2d 924, 925 (11th Cir. 1991); *see also Weeks v. Jones*, 100 F.3d 124, 127 (11th Cir. 1996) (stating that "[f]actual allegations are frivolous for purpose of [28 U.S.C.] § 1915(d) when they are 'clearly baseless;' legal theories are frivolous when they are 'indisputably meritless.'") (citations omitted).

The Court certifies that any appeal would be without merit and not taken in good faith and therefore, McCaskill is not entitled to proceed *in forma pauperis* on appeal. Nothing in this order precludes Plaintiff from filing a motion to proceed *in forma pauperis* directly with the Eleventh Circuit Court of Appeals should she decide to do so.

**DONE** and **ORDERED** this 11th day of February, 2026.

/s/Terry F. Moorer
TERRY F. MOORER
UNITED STATES DISTRICT JUDGE