**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ALABAMA**
**SOUTHERN DIVISION**

| | | |
|---|---|---|
| **TEKEELA A. McCASKILL,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **CIV. ACT. NO. 1:22-cv-250-TFM-N** |
| | ) | |
| **OFFICE OF THE CIRCUIT CLERK** | ) | |
| **FOR THE 13TH JUDICIAL CIRCUIT,** | ) | |
| | ) | |
| **Defendant.** | ) | |

**MEMORANDUM OPINION AND ORDER**

Pending before the Court is yet another Motion to Set Aside Judgment (Doc. 159, filed 8/7/26) which she states proceeds under Fed. R. Civ. P. 60(b)(6). Plaintiff previously appealed this case and also filed a previously motion to reconsider which the Court denied. *See* Docs. 149, 150, 154. The case is now on appeal and a review of the appellate docket shows that briefing in very much in progress with McCaskill's brief having been filed on July 6, 2026 and Defendant's brief having been filed on August 3, 2026.

Generally, "the filing of a notice of appeal deprives the district court of jurisdiction over all issues involved in the appeal." *Mahone v. Ray*, 326 F.3d 1176, 1179 (11th Cir. 2003); *see also Munoz v. United States*, 451 F. App'x 818, 819 (11th Cir. 2011) (quoting *Mahone* and stating same). Fed. R. Civ. P. 62.1 directs the Court as to exactly how it may proceed as to the motion to reconsider. The Rule states:

> Rule 62.1. Indicative Ruling on a Motion for Relief That is Barred by a Pending Appeal
>
> (a) Relief Pending Appeal. If a timely motion is made for relief that the court lacks authority to grant because of an appeal that has been docketed and is pending, the court may:

> (1) defer considering the motion;
>
> (2) deny the motion; or
>
> (3) state either that it would grant the motion if the court of appeals remands for that purpose or that the motion raises a substantial issue.
>
> (b) Notice to the Court of Appeals. The movant must promptly notify the circuit clerk under Federal Rule of Appellate Procedure 12.1 if the district court states that it would grant the motion or that the motions raises a substantial issue.
>
> (c) Remand. The district court may decide the motion if the court of appeals remands for that purpose.

FED. R. CIV. P. 62.1. Under Fed. R. Civ. P. 62.1(a), two of the three options provide definitive jurisdiction: deny or defer. The third option is essentially a "this is what the Court would do if the appellate court remands and cedes jurisdiction." Put another way, the Court does not have outright jurisdiction to grant the motion only to deny or defer. *See Munoz*, 451 F. App'x at 820.

Here, having reviewed the motion to reconsider under Rule 60(b)(6), the Court finds no reason to reconsider its prior rulings. Therefore, the motion (Doc. 159) is **DENIED**.

**DONE** and **ORDERED** this 21st day of August, 2026.

/s/Terry F. Moorer
TERRY F. MOORER
UNITED STATES DISTRICT JUDGE